# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE FITZGERALD, | : |
|     Petitioner, | : |
| | : |
| v. | :   Civ. No. 17-4837 |
| | : |
| MARK GARMAN, | : |
|     Respondent. | : |

## O R D E R

On October 24, 2017, state prisoner Tyrone Fitzgerald sought federal *habeas* relief, alleging various constitutional violations. (*Habeas* Pet., Doc. No. 1); 28 U.S.C. § 2254. I referred his Petition to Magistrate Judge Lynne A. Sitarski, who recommends denying relief because Fitzgerald's claim is untimely. (Doc. No. 3, 20.)

No objections to the Report and Recommendation have been made. (Doc. No. 22.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no errors. Fitzgerald filed the instant Petition on October 24, 2017, challenging his 1988 state conviction for second-degree murder, two counts of robbery, criminal conspiracy, and possession of an instrument of crime. (*Habeas* Pet.; see Crim. Docket, Commonwealth v. Fitzgerald, No. CP-51-1116783-1986 (Phila. Cty. Com. Pl.).) The Supreme Court rejected Fitzgerald's direct appeal on August 25, 1993. Commonwealth v. Fitzgerald, No. 1185-PHL-92, 635 A.2d 202 (Pa. Super. Ct. Aug. 25, 1993) (Table). On August 24, 2004, Fitzgerald filed his first PCRA petition; the PCRA Court dismissed his petition as untimely on October 19, 2005. (See PCRA Petition, Commonwealth v. Fitzgerald, No. CP-51-1116783-1986

(C.P. Phila. Aug. 24, 2004); Crim. Docket at 5.) On December 25, 2012, Fitzgerald filed a second PCRA petition, which was also dismissed as untimely. (See Second PCRA Petition, Commonwealth v. Fitzgerald, No. CP-51-1116783-1986 (C.P. Phila. Dec. 25, 2012); Crim. Docket at 7–8.)

Under the Antiterrorism and Effective Death Penalty Act of 1996, Fitzgerald had a one-year grace period from the date of the statute's enactment (April 24, 1996) to file his *habeas* petition. See 28 U.S.C. § 2244(d)(l)(A)–(D); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004) ("[Petitioner's] conviction became 'final' before the AEDPA came into effect on April 24, 1996, and thus his one-year period for filing a habeas petition began running on that date."); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (establishing a one-year grace period). AEDPA allows for tolling the one-year clock while a petitioner's "properly filed application for state post-conviction" review is pending. 28 U.S.C. § 2244(d)(2). An untimely PCRA petition, however, is not considered properly filed. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Moreover, a "PCRA petition must be filed before the [AEDPA] limitations period runs out, otherwise there is nothing left to be tolled." Perry v. DiGuglielmo, No. 06-1560, 2008 WL 564981, at *7 (W.D. Pa. Feb. 29, 2008).

Fitzgerald's *habeas* petition is thus untimely. He is not eligible for statutory tolling because his PCRA petitions were also untimely. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the limitations period because the federal *habeas* time limitations had already expired by the time it was filed); Johnson v. Hendricks, 314 F.3d 159, 161–62 (3d Cir. 2002) ("§ 2254(d)(2)'s tolling provision excludes time during which a properly filed state post-conviction [petition] is pending but does not reset the date from which the one-year limitations period begins to run.").

Moreover, Fitzgerald presents no grounds that warrant equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010) ("[A] 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting Pace, 544 U.S. at 418)). Fitzgerald appears to allege that his twenty-year delay was caused by the Pennsylvania state courts' refusal to grant him access to his criminal docket, but he does not show diligent pursuit of his rights or any extraordinary obstacle to prevent him from exercising these rights. (See *Habeas* Pet. ¶ 12); see Pace 544 U.S. at 419 (no diligent pursuit of rights where petitioner waited five months to file *habeas* petition). Nor does he explain the ten-year delay between the date his conviction became final and the date he filed his first PCRA petition. See LaCava v. Kyler, 398 F .3d 271, 277 (3d Cir. 2005) (diligence requirement applies to filing period for state court remedies as well as federal *habeas* petition); Wright v. Collins, No. 12-2414, 2014 WL 221954 at *4 (E.D. Pa. Jan. 21, 2014) ("[I]t is well established by Pennsylvania law that a prisoner does not need transcripts or other court documents in order to pursue post-conviction relief." (citing Perry v. DiGuglielmo, 169 F. App'x 134, 138 (3d Cir. 2006))).

In these circumstances, I will adopt Judge Sitarski's Report and Recommendation and deny Fitzgerald's request for relief.

**AND NOW**, this 26th day of June, 2019, upon careful and independent consideration of Tyrone Fitzgerald's *pro se* Petition for Writ of Habeas Corpus (Doc. No. 1), Respondent's Response to Petition (Doc. No. 15), Judge Sitarkski's Report and Recommendation (Doc. No. 20) to which there are no objections (Doc. No. 22), and available state court records, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 20) is **APPROVED and ADOPTED**;

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;

3. A Certificate of Appealability shall **NOT ISSUE**. <u>See</u> 28 U.S.C. § 2253(c)(1)(A); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); and

4. The **CLERK OF COURT** shall **CLOSE** this case.

June 26, 2019 **AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.